ANDREW H. BAKER, SBN 104197
LORRIE BRADLEY, SBN 309411
**BEESON, TAYER & BODINE, APC**
483 Ninth Street, 2nd Floor
Oakland, CA  94607
Telephone:   (510) 625-9700
Facsimile:    (510) 625-8275
Email:          abaker@beesontayer.com

Attorneys for Plaintiff
OPEIU LOCAL 29

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| OFFICE & PROFESSIONAL EMPLOYEES UNION, LOCAL 29, | Case No. |
|---|---|
| Plaintiff, | **COMPLAINT FOR INJUNCTIVE RELIEF IN AID OF ARBITRATION** |
| v. | |
| COMMUNICATIONS WORKERS OF AMERICA, DISTRICT 9, | |
| Defendant. | |

For its Complaint in the above-entitled proceeding, Plaintiff Office & Professional Employees Union, Local 29 (hereinafter referred to as "Local 29"), alleges as follows:

1. During all the events related herein, Local 29 has been a "labor organization" within the meaning of Section 301 of the Labor Management Relations Act.  29 U.S.C. § 185.

2. During all the events related herein, Communications Workers of America, District 9 (hereinafter referred to as the "Employer") has been an "employer" within the meaning of Section 301 of the Labor Management Relations Act.  29 U.S.C. § 185.

3. During all the events related herein, the Employer has employed clerical employees working at offices located in Sacramento and Santa Fe Springs, California.

4. During all the events related herein, Local 29 has operated a headquarters office located in Oakland, California.

1

**COMPLAINT FOR INJUNCTIVE RELIEF IN AID OF ARBITRATION**
Case No.

879649

5.    During all the events related herein, Local 29 has been the exclusive bargaining representative for non-supervisory "office employees" employed by the Employer at its Sacramento and Santa Fe Springs, California, office.

6.    During all the events related herein, the Employer and Local 29 have been parties to a collective bargaining agreement (hereinafter referred to as "the CBA") within the meaning of Section 301 of the Labor Management Relations Act.  29 U.S.C. § 185.  The CBA covers the employees described above in Paragraph 5.  A copy of the CBA is attached to this Complaint as **Exhibit 1**.

7.    The CBA contains a grievance-arbitration procedure that ends in final and binding arbitration for disputes arising under the CBA.

8.    By this Complaint, Local 29 asks that the Court issue appropriate injunctive relief in aid of arbitration under the terms of the parties' collective bargaining agreement pursuant to the Court's jurisdiction and authority under Section 301 of the Labor Management Relations Act and to the Federal-question jurisdiction pursuant to 28 U.S.C. § 1331.

9.    On or about February 20, 2020, the Employer announced that it would, absent volunteers, mandate the transfer of two of its Santa Fe Springs office clericals to the Sacramento office with a reporting date of April 1, 2020.  No employees volunteered to transfer from Santa Fe Springs to Sacramento by the Employer's March 13, 2020, deadline to volunteer. On or about March 19, 2020, the Employer changed the date from April 1 to April 3, 2020, for transferred employees to report to Sacramento.

10.   The Employer is claiming the right to mandate the transfer of employees between the two California offices based on Section 6.14 of the CBA.  Section 6.14 reads as follows:

> When an OPEIU employee is required by CWA to move forty (40) miles or more from one CWA office location to another due to office closure, relocation or layoffs, CWA will pay moving expenses defined as packing and moving expenses up to a maximum of seven thousand ($7,000). Employee will be given up to 14 calendar days, with pay, to relocate.

It is Local 29's position, supported by bargaining history and past practice, that Section 6.14 does not permit the Employer to force employees to transfer between offices and that to do so would violate the employees' seniority rights under the CBA.  For example, Section 4.01 of the CBA allows

**COMPLAINT FOR INJUNCTIVE RELIEF IN AID OF ARBITRATION**
Case No.

879649

"surplus" employees to displace a less senior employee, but only a less senior employee in the same office. And it is the position of the Union that Section 6.14's reference to "relocation" is to a relocation of an entire office, not to a forced transfer of individual employees.

11. Local 29 on March 10, 2020, filed with the Employer's principal officer a formal written grievance alleging that the forced transfer of employees from Santa Fe Springs to Sacramento is in violation of the CBA (hereinafter referred to as the "Grievance"). The Grievance also requested that the Employer agree to expedited arbitration and postpone the transfer date until an arbitrator's decision has issued on the Grievance. A copy of the Grievance is attached to this Complaint as **Exhibit 2**.

12. By email dated March 17, 2020, the Employer advised Local 29 that the Employer considered the Grievance to have been "improperly served," and advised that the Employer will "continue" with the transfers.

13. On March 18, 2020, Local 29 refiled the Grievance with Dominique Thomas, the immediate supervisor of the Santa Fe Springs clerical employees. A copy of the refiled Grievance is attached to this Complaint as **Exhibit 3**.

14. By this Complaint, Local 29 seeks injunctive relief from the Court in aid of Local 29's right to effectively arbitrate the issue of whether the Employer's announced decision to force the transfer of two employees from its Santa Fe Springs office to its Sacramento office is in violation of the parties' CBA *before* the forced transfer takes place. In support of Local 29's request for injunctive relief Local 29 states as follows:

    a. If the injunction is not granted and arbitration is held after the forced transfer of the employees, those transferred employees will suffer irreparable damage. Specifically:

        i. The affected employees will either be forced to separate their families, or uproot their families and force their family members to quit their jobs or their school, in either case causing damages that cannot be recouped through the labor arbitration process.

        ii. The affected employees will incur extraordinary housing costs, causing damages that cannot be recouped through the labor arbitration process.

**COMPLAINT FOR INJUNCTIVE RELIEF IN AID OF ARBITRATION**
Case No.

3

879649

     iii. The affected employees will likely suffer adverse health effects, harm that cannot be remedied thought any kind of legal process.

  b. The submission of the Grievance to arbitration prior to the forced transfer of the two Santa Fe Springs employees will have limited adverse financial impact on the Employer.  Local 29 has informed the Employer and confirms by this Complaint that Local 29 is willing to immediately enter into arbitration under the terms of the parties' bargaining agreement and submit to any expedited procedure which would allow for final and binding decision without the Employer's assuming any adverse financial impact by arbitrating before the forced transfer of the employees. In addition, the Employer has, and feasibly may continue to have, Santa Fe Springs employees remotely perform Sacramento office work without physically transferring employees from Santa Fe Springs to Sacramento. In the event an expedited arbitration cannot be completed before April 3, 2020, any harm suffered by the Employer in having to delay elimination of the forced employee transfer is clearly outweighed by the harm to Local 29 and its members by having the transfer of work occur prior to the arbitration decision.

  15. Local 29 therefore maintains that the request for injunctive relief in aid of arbitration is within the Court's jurisdiction and authority under Section 301 Labor Management Relation Act and that the requested injunction is necessary in order to avoid irremediable consequences if Local 29's Grievance is arbitrated and sustained after the aforesaid forced employee transfer has taken place.

  WHEREFORE, it is prayed as follows:

  1. That the Court immediately and temporarily restrain Defendant, its officers, agents and all those acting on its behalf, from forcing the transfer of employees from its Santa Fe Springs office to its Sacramento office, until a hearing on a preliminary injunction can be held; and

  2. That this Court issue an order requiring Defendant to show cause, at a time and date to be scheduled by the Court, why it should not be preliminarily enjoined as aforesaid until an arbitration decision is issued resolving Local 29's Grievance; and

**COMPLAINT FOR INJUNCTIVE RELIEF IN AID OF ARBITRATION**
Case No.

879649

3. That following hearing upon the return of the show cause order, this Court preliminarily enjoin Defendant, its officers, agents and all those acting on its behalf, from forcing the transfer of employees from its Santa Fe Springs office to its Sacramento office, until an arbitration decision is issued, as aforesaid; and

4. That following trial herein on the merits of the case, the Court issue a permanent injunction against Defendant, as aforesaid; and

5. That requested injunction issue without the posting of any bond by Local 29 because the injunction contemplates that the arbitration proceeding as ordered will not have any adverse financial impact on the Employer (other than the costs of arbitration, which the Employer is obligated to undertake in any event).

It is further prayed that the Court award Plaintiff such other relief as is appropriate.

Dated: March 19, 2020                    BEESON, TAYER & BODINE, APC

By:    */s/ Andrew H. Baker*
ANDREW H. BAKER
Attorneys for OPEIU LOCAL 29

**COMPLAINT FOR INJUNCTIVE RELIEF IN AID OF ARBITRATION**
Case No.

5

879649